STATE v. LOT DeBERRY.

*Evidence—Joining Issue.*

1. Where the prisoner, being in jail on a criminal charge, told a party to see the prosecutor and find out if he would consent that the defendant receive 39 lashes and be discharged ; *Held,* that such message is relevant and admissible in evidence.

2. There is no necessity in a prosecution, for the record to show a joinder of issue by the State to prisoner's plea of not guilty.

(*State* v. *Lamon,* 3 Hawks, 175, and *State* v. *Christmas,* 4 Dev. & Bat., 410, cited and approved).

INDICTMENT for larceny, tried before *Philips, Judge,* and a jury, at Spring Term, 1884, of ANSON Superior Court.

There was a verdict of guilty, and from the judgment pronounced thereon the prisoner appealed.

*Attorney-General,* for the State.
*Messrs. Little & Parsons,* for the defendant.

SMITH, C. J.    The defendant was tried and convicted upon a charge of stealing money from one Henry Mensing, in whose service he was employed.

The prosecutor testified that returning from his stable, where he had gone to feed his horse, on Sunday morning, to the front door of his store, he saw, through a broken pane of glass, the defendant, then standing at the money-drawer behind the counter, take from it a tin-cup, wherein he had left $7.50, empty the contents in his left hand and put the money in his pocket. Witness called out to him to leave it there and he returned to the cup all but $1.50 of the money.   Both the front and rear doors had been locked, but witness found the last open through which the prisoner had entered, and the lock broken.

The jailor was introduced for the defendant and said that he had searched the defendant and found no money on his person.

He was then interrogated as to any message sent by the defendant, while in confinement, to the prosecutor; objection was made and overruled, and thereupon the witness answered that the defendant "asked me to see Mensing and find out if he would allow the defendant to take 39 lashes and turn him loose, adding that he had rather do this than stay in jail."

The defendant was examined on his own behalf, and denied taking the money or that he was in the store for any unlawful purpose.

The State thereupon, upon inquiry, elicited the same evidence of the message, as before testified to, which was also received after objection. The exceptions to the admission of this evidence, nearly one and the same, are alone brought up for consideration and review.

No ground is assigned in the record for the rejection of this proof, and it is not suggested that the message was not entirely free and voluntary.

The argument here is directed to its alleged irrelevancy and tendency to mislead and prejudice the jury in passing upon the guilt of the accused.

The declaration may be but an expression of impatience at confinement in the prison, and of a preference for corporal chastisement, if followed by enlargement. But it seems to indicate more than this, a desire to suffer present punishment for the offence in the proposed form, if by so doing the defendant can escape that which he fears to be in store for him; and underneath lies the consciousness of guilt. It was proper for the jury to hear the declaration and give it such weight as it was fairly entitled to, in connection with the other proof against him.

Its value was for the jury to determine; its competency can admit of no serious doubt. In examining the record, it does not show the joining of issue or, as it is called, the entry of a *similiter* by the State; but this is immaterial, as ruled in *State* v.

*Lamon,* 3 Hawks, 175, and *State* v. *Christmas,* 4 D. & B., 410.

There is no error, and this will be certified that the court may proceed to judgment.

No error.                                                      Affirmed.